UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| **Jamie Marie Bowman,** | : | Case No. 5:25-bk-01580-MJC |
| | : | |
| Debtor. | : | |

# MEMORANDUM OPINION

## I.  INTRODUCTION

Presently before the Court is (1) Jamie Marie Bowman's Amended Motion to Redeem a 2019 Mazda CX-5 and (2) People First Federal Credit Union's Motion for Relief from Stay. People First Federal Credit Union ("People First FCU") objected to the Motion to Redeem Property on the grounds that the vehicle's value was higher than the valuation provided by Jamie Marie Bowman ("Bowman"). Bowman, *pro se*, objected to the Motion for Relief from Stay arguing that the valuation was in bad faith and that the vehicle was adequately protected.

For the reasons stated below, the Amended Motion to Redeem the Property is **DENIED** and the Motion for Relief from Stay is **GRANTED**.

## II.  PROCEDURAL POSTURE

All parties are familiar with the procedural history leading to the instant motions and it requires no review herein. On September 10, 2025, Bowman filed an Amended Motion to Redeem ("Redemption Motion"). Doc. 38. People First FCU filed an Answer to the Redemption Motion on October 6, 2025. Doc. 54. On December 11, 2025, People First FCU filed a Motion for Relief from Stay ("Stay Relief Motion"). Doc. 72. Bowman objected to the Stay Relief Motion on December 12, 2025. Doc. 74. An evidentiary hearing was held on January 6, 2025 and all exhibits

were admitted. The Court took the matters under advisement and these matters are now ripe for disposition.

### III. JURISDICTION

This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§157 and 1334 and the Standing Order of Reference of the U.S. District Court for the Middle District of Pennsylvania dated March 11, 2016. The pending matters are core proceedings pursuant to 28 U.S.C. §§157(b)(2)(o) and 157(b)(2)(g). Venue is proper pursuant to 28 U.S.C. §1409(a).

### IV. FACTS[1]

Bowman is the owner of a 2019 Mazda CX-5 ("Mazda"), with mileage of approximately 140,000. At the time of the bankruptcy filing, the Mazda was subject to a lien held by People First FCU. The balance owed on the date of filing was $16,919.00. Doc. 54, Line 3. Bowman defaulted on the loan in February 2025.[2] Doc. 72, Line 7, Exhibit B. Bowman seeks to redeem the Mazda per 11 U.S.C. §722 and proposing that the Mazda should be valued at $4,037.00.[3] Doc. 38, p.4. To support her Redemption Motion, Bowman attached a Kelly Blue Book estimate, repair estimates from various websites, and the outstanding recall history for the vehicle. Doc. 38.

People First FCU's Answer disputes Bowman's proposed valuation of the Mazda. Doc. 54, Line 5. People First FCU contends the used retail value is $17,125.00 and the lowest possible value, sale at auction, is approximately $12,500.00. *Id.*

---

[1] This Memorandum constitutes findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052, which is made applicable to this proceeding under Fed. R. Bankr. P. 9014.

[2] Bowman testified that she has not made a payment on the Mazda since February or March 2025. Audio of Evidentiary Hearing at 10:57 A.M. People First FCU advised the court that the last payment was made in March 2025 and that payment was credited to the January 2025 payment. *Id.*

[3] Unless otherwise noted, all further statutory references are to the Bankruptcy Code, 11 U.S.C. §101, *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

2

Evidence regarding valuation was presented by both Bowman and People First FCU during a hearing held on January 6, 2025. Bowman presented a Trade In Breakdown prepared by a Sales Consultant at Scott Cars, Inc. showing a sale value of $8,456.00, without accounting for the mileage, condition, and damage to the vehicle. Debtor's Exhibit 1. The document also reflects a trade in value of $5,571.00, after accounting for mileage and condition. *Id*. Bowman testified that Scott Cars, Inc. advised in the event their dealership would purchase the car, the purchase price would be $4,300.00. Audio of Evidentiary Hearing at 11:29 A.M.

People FCU Asset Recovery Manager, Kenneth Hall Gualtieri ("Gualtieri"), testified on behalf of People First FCU. Gualtieri presented a J.D. Power/N.A.D.A. valuation indicating a clean retail value of $12,900.00. Peoples Exhibit 1. Gualtieri testified that to obtain accurate comparable values for the Mazda he conducted a nationwide search on Cars.com, specifically for vehicles with comparable mileage, condition, and features. Audio of Evidentiary Hearing at 11:44 A.M.; Peoples Exhibit 2. Gualtieri testified that the most accurate valuation is approximately $10,000.00.[4] *Id*. at 11:49 A.M. Gualtieri admitted that while he had not personally inspected the Mazda, he did review pictures of the vehicle provided by Bowman in November 2025. *Id*. at 11:51 A.M. He testified that the pictures reflected damage, included scratches and dings, and there was an additional document suggesting potential repair costs.[5] *Id*.

---

[4] Gualtieri presented comparable vehicles for sale one to two weeks prior to the evidentiary hearing derived from a nationwide search on Cars.com. People's Exhibit 2. The range in retail value based on these vehicles is $9,500.00 - $14,498.00. Gualtieri, upon being questioned with regard to his estimate of the value of the Mazda, recommended a valuation of "between ten and twelve thousand. Based on condition I would go more towards the ten…I think ten is safe, equitable, and conservative." Audio of Evidentiary Hearing at 11:49 A.M.

[5] Bowman presented no evidence during testimony of necessary repairs or damage to the vehicle.

V.  ANALYSIS

   A.  **The Motion to Redeem**

Section 722 governs redemption of personal property in a bankruptcy case. A Debtor may redeem property "by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien in full at the time of redemption." 11 U.S.C. §722. The applicable standard for redeeming personal property under §722 is "1) the property must be exempted under 11 U.S.C. § 522 or abandoned under 11 U.S.C. § 544; 2) the property must be used primarily for personal, family, or household use; 3) the debt must be consumer debt; 4) the redemption amount must be equal to the value of the creditor's secured claim; and 5) the debtor must pay the value of the secured claim in full at the time of redemption." *In Re Maynes*, 598 B.R. 648, 654 (Bankr. D.N.M. 2019).

The primary issue in any redemption case is always the valuation of the property. Fortunately, §506(a)(2) provides a clear standard for valuation:

> such value with respect to personal property securing an allowed claim *shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing*. With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.

11 U.S.C. §506(a)(2) (emphasis added). While the appropriate valuation "must take into account the condition of the collateral" the replacement value for the purposes of redemption "is the price at which a retail merchant would sell the property, given the age and condition of the property." *Maynes*, 598 B.R. at 655. In most cases, N.A.D.A. or Kelley Blue Book estimates serve as a "starting point for determining the vehicle's redemption value." *Id*. at 656.

4

Case 5:25-bk-01580-MJC    Doc 117    Filed 01/12/26    Entered 01/12/26 14:26:03    Desc
Main Document    Page 4 of 6

The Debtor bears the burden of establishing, by a preponderance of the evidence, the replacement value of the vehicle Debtor seeks to redeem. *In Re Beckum*, 2014 WL 1873299, at *3 (Bankr. C.D. Ill 2014); *In re Mobley*, 672 B.R. 21, 23 (Bankr. D.S.C 2025). Where the Debtor fails to meet this burden, the Debtor "cannot prevail on their Motion." *Beckum*, 2014 WL 1873299, at *3.

This Court finds that Bowman has not met her burden of demonstrating "replacement value" under §506(a)(2). In all the submissions to this Court and during the evidentiary hearing, Bowman relied upon a trade in value, with reductions to that value for condition of the vehicle, that an auto dealer would offer to pay when purchasing the car directly from Bowman. Debtor Exhibit 1. During the hearing Bowman conceded that trade in value is not the price for which a dealership would later list and sell a vehicle. Audio of Evidentiary Hearing at 11:34 A.M. Despite this admission, Bowman continued to rely on trade in value and reduced valuation based upon allegedly necessary repairs and damage to the vehicle.[6] Audio of Evidentiary Hearing at 11:51. Bowman has not demonstrated, by a preponderance of the evidence, that her proposed replacement value meets the applicable standard of valuation under §506(a)(2) and, as such, she cannot prevail on her Redemption Motion.

For all the reasons stated, the Redemption Motion is **DENIED**.

B. **The Motion for Relief from Stay**

Pursuant to §362(d) the Court shall grant a Motion for Relief from Stay upon a showing that

> (1) for cause, including lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if

---

[6] During her cross of Gualtieri, Bowman questioned him regarding trade in values on both Debtor Exhibit 1 and People Exhibit 1. Audio of Evidentiary Hearing at 11:50 A.M. – 11:55 A.M.

5

Case 5:25-bk-01580-MJC    Doc 117    Filed 01/12/26    Entered 01/12/26 14:26:03    Desc
Main Document    Page 5 of 6

>                (A) the debtor does not have an equity in such property; and
>                (B) such property is not necessary to an effective reorganization.

11 U.S.C. §362(d). Though "cause" is not defined in the Code it can be determined on a "case by case basis." *Matter of Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992). The Court in *Klepper* held that "continued failure to tender periodic payments to a secured creditor pursuant to the terms of an underlying loan can constitute 'cause' for relief under Section 362(d)(1), although the facts of each request will determine whether relief is appropriate under the circumstances." *In re Klepper*, 69 B.R. 98, 100 (Bankr. M.D. Pa. 1987) (citing *In re Augustus Court Associates,* 46 B.R. 619, 620 (Bankr. E.D. Pa.1985)). The burden for establishing a *prima facie* case for relief from the stay rests upon the moving party. 11 U.S.C. §362(g); *In re Kane*, 27 B.R. 902, 904 (Bankr. M.D. Pa. 1983).

It is undisputed that Bowman is delinquent on payments for the Mazda. Bowman testified that she has not made a payment on the vehicle since March of 2025. Audio of Evidentiary Hearing at 10:57 A.M. Additionally, even accepting the higher valuation of $10,000.00 by People First FCU, the value of the Mazda is lower than the balance owed of $16,919.00. Based upon the fact that Bowman is, admittedly, delinquent on the Mazda payments and that there is no equity in the vehicle, this Court concludes that granting stay relief to People First FCU is warranted.

For all the reasons stated, the Motion for Relief from Stay by People First FCU is **GRANTED**.

Appropriate Orders consistent with this Memorandum shall be entered.

By the Court,

_____
Mark J. Conway, Bankruptcy Judge
Dated: January 12, 2026
